FILED
SUPERIOR COURT
OF GUAM

2023 FEB -3 PM 12: 22

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | CIVIL CASE NO. **CV0471-07** |
| Plaintiffs, | |
| vs. | |
| FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the ESTATE OF JESUS U. TORRES, Deceased, and PETER F. PEREZ, | **DECISION AND ORDER** |
| Defendants. | |
| DANIEL U. TORRES and BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTEBAN TORRES FAMILY TRUST DATED MAY 12, 1995, | |
| Plaintiff Intervenors, | |
| vs. | |
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | |
| Defendants, | |
| and | |
| GLORIA C. SHOLING, | |
| Third-Party Defendant. | |

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 1 of 9

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Plaintiff Intervenors Daniel U. Torres and Barbara M. DeMello, Trustee Under the Esteban Torres Family Trust Dated May 12, 1995's Motion to Dismiss Gloria C. Sholing's Second Amended Counterclaim Pursuant to Guam Rules of Civil Procedure 9(b), 12(b)(6) and 12(b)(7). Attorney Daniel Berman represents Intervenor Plaintiffs Daniel U. Torres and Barbara M. DeMelly, Trustee Under the Esteban Torres Family Trust dated May 12, 1995 ("Plaintiff Intervenors"). Attorney Joyce Tang represents Third-Party Defendant Gloria C. Sholing ("Gloria"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter commenced in April 2007, with the filing of Plaintiffs Rosario S. Bautista and Manuel C. Sholing's (collectively, "Plaintiffs") Complaint against Francisco Torres, individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres ("Defendant Torres") and Peter F. Perez ("Defendant Perez"). This matter stems from a 1987 retainer agreement ("1987 Agreement") between Ms. Ana Sholing and Attorney Jesus U. Torres,[1] in which Attorney Torres would provide legal services in exchange for ten percent (10%) of the monthly rental earnings from the Pacific Island Club Property for a period of twenty-five (25) years, until 2012. *See generally,* Compl., Apr. 23, 2007. Plaintiffs allege improprieties in the handling of their business and financial affairs by Attorney Torres and, following his death, by Defendant Perez. *Id.* This matter has an extensive procedural history. The background set forth below is relevant to the instant motion.

On December 28, 2009, Plaintiff Intervenors filed a Complaint in Intervention against Plaintiffs and Gloria. Plaintiff Intervenors sought to enforce the 1987 Agreement and collect rents which were previously paid to Defendant Perez between 2002 and 2007, and 10% of the rents through 2012. *See* Compl. in Intervention, Dec. 28, 2009.

On February 26, 2010, Gloria filed her Answer.

---

[1] Attorney Torres passed away in August 2002, and Ana Sholing passed away in September 2005. 2017 Guam 17 ¶ 7.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 2 of 9

On April 1, 2010, Gloria filed an Amended Answer and Counterclaims with Request for Jury Trial.

On May 28, 2010, Gloria moved to dismiss Plaintiff Intervenors complaint for lack of standing.

On June 10, 2010, Gloria moved for leave of Court to amend her Amended Answer and Counterclaims to add additional claims for: (1) Declaratory Judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres; (2) Fraud in the Inducement; (3) Breach of Fiduciary Duty; and (4) Breach of Contract against Counterclaim-Defendants. (Mot. Leave at 1, Jun. 10, 2010). Gloria Sholing also sought to add Third-Party Cross-Claim against the Estate of J.U. Torres, Francisco U. Torres, Esteban U. Torres, Mary D. Montesinos (Heir of Rita U. Torres), Tomas T. Cruz, Gertrudes T. Cruz, Esteban T. Cruz, Roque T. Cruz, Daniel T. Cruz, Francisco T. Cruz, Julie T. Cruz (Heirs of Maria T. Cruz), and Arlene A. Cruz, Steven Cruz, Lavene Cruz and Christy Cruz (Heirs of Ignacio T. Cruz) for: (1) Declaratory Judgment that Francisco Torres was not properly appointed Executor of the Estate of J.U. Torres; (2) Fraud in the Inducement; (3) the 1987 Property Management and Retainer Agreement is void due to lack of consideration; (4) Breach of Fiduciary Duty; (5) Breach of Contract; and (6) that the 1987 Agreement is void for lack for unconscionability. *Id.*

On July 14, 2010, Intervenor Plaintiffs filed their Opposition.[2]

On July 22, 2010, Gloria filed her Reply.

On July 28, 2010, the parties appeared before the Honorable Katherine A. Maraman[3] to address several motions, including Gloria's Motion for Leave.

On April 17, 2013, the court granted summary judgment for Defendant Perez.[4] (Dec. & Order, Apr. 17, 2013).

---

[2] The opposition filed was a combined opposition to both Gloria Sholing's Motion for Leave and to a separate motion filed by Plaintiffs for leave to File a Fourth Amended Complaint.

[3] The matter was reassigned to this Court in 2018. *See* Notice of Judge Assignment, Apr. 10, 2018.

[4] The Supreme Court of Guam affirmed the trial court's granting of summary judgment for Defendant Perez as to counts five through seven but reversed as to the eighth count and tenth through twelfth counts. *See Bautista v. Torres,* 2020 Guam 28.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 3 of 9

On May 31, 2013, the court dismissed Plaintiff Intervenors' claims against Gloria, finding they lacked standing.[5] (Dec. & Order, May 31, 2013).

On October 13, 2014, the court granted summary judgment for Defendant Torres on the same grounds as Defendant Perez.[6] (Dec. & Order, Oct. 13, 2014).

On September 9, 2016, the court granted summary judgment for Plaintiff Intervenors against Gloria C. Sholing's counter-claims based on similar grounds as Defendants Torres and Perez. (Dec. & Order, Sep. 9, 2016).

The court did not issue a written decision as to Gloria's Motion for Leave; however, within its decision and order on Plaintiff Intervenors' Motion for Summary Judgment the court found that "Gloria Sholing's counterclaims were barred, whether by application of the law of the case doctrine or an independent application of the statutes of limitation. It also found that the doctrine of recoupment did not apply to preserve Gloria Sholing's claims because laches still applied." *Bautista v. Torres*, 2017 Guam 17 ¶ 14. "In disposing of the claims, the trial court also engaged briefly with Gloria Sholing's fraud claim, even though it had not formally acted on the motion to file amended pleadings in which the claim was proffered." *Id.*

On appeal, the Supreme Court of Guam found that the "trial court abused its discretion when it impliedly denied Gloria Sholing's motion to file amended pleadings based, at least in part, on an incomplete application of her argument." *Id.* at ¶ 28. The Supreme Court further advised that on remand, "the trial court should reconsider the motion to file amended pleadings in the context of discerning the proper application of the discovery rule to the claims contained therein." *Id.* On remand, this Court subsequently granted in part the Motion for Leave to File Second Amended Answer and Counterclaims and Third Party-Cross Claims. *See* Dec. & Order, Jul. 25, 2022.

---

[5] The Supreme Court affirmed the trial court's dismissal of the Plaintiff Intervenors' claims against Gloria C. Sholing, but on the alternative ground of waiver. 2020 Guam 28 ¶ 43.

[6] The Supreme Court affirmed the trial court's granting of summary judgment for Defendant Torres. *See id.*

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 4 of 9

On August 8, 2022, Gloria filed her Second Amended Answer and Counterclaims, and Third-Party Cross-Claims, with Request for Jury Trial. Both the counterclaim and third-party cross-claim allege fraud in the inducement against the Plaintiff Intervenors and Third-Party Defendants Francisco U. Torres, Esteban U. Torres, Mary D. Monesinos (Heir of Rita U. Torres), Tomas T. Cruz, Gertrudes T. Cruz, Esteban T. Cruz, Roque T. Cruz, Daniel T. Cruz, Francisco T. Cruz, Julie T. Cruz, (Heirs of Maria T. Cruz), and Arlene A. Cruz, Steven Cruz, Lavene Cruz and Christy Cruz (Heirs of Ignacio T. Cruz), and the Estate of J.U. Torres.

On August 29, 2022, Plaintiff Intervenors filed a Motion to Dismiss Gloria C. Sholing's Second Amended Counterclaim Pursuant to Guam Rules of Civil Procedure 9(b), 12(b)(6), and 12(b)(7). No responsive pleading was filed to the Motion to Dismiss.[7]

On October 19, 2022, the Court placed the matter under advisement without further oral argument.

## DISCUSSION

As an initial matter, the Court notes that no responsive pleading was filed by Gloria as to Plaintiff Intervenors' Motion to Dismiss. The Court, however, must still address the merits of the Motion to Dismiss. *See Quitugua v. Flores*, 2004 Guam 19 ¶ 28 ("the failure to file a written opposition to a motion . . . does not require a court to automatically grant the motion and is not dispositive of the motion itself. The court has a duty to analyze the merits of the motion before rendering its decision.").

### I. GRCP 9(b) Legal Standard

To successfully plead a claim of fraud, a plaintiff must plead facts with sufficient particularity to demonstrate the elements of fraud. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 12 ("Taitano I"); *see also* Guam R. Civ. P. 9(b) (requiring that "the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent,

---

[7] The Court notes that Third-Party Cross-Claim Defendants also filed a Motion to Dismiss pursuant to GRCP 12(b)(6) and 9(b). That Motion to Dismiss was fully briefed and was also taken under advisement without further oral argument. The Third-Party Cross-Claim Defendants' Motion to Dismiss will be addressed in a separate Decision and Order.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 5 of 9

knowledge, and other conditions of mind of a person may be averred generally."). "Fraud claims are special matters that are subject to a heightened pleading standard." *Ukau v. Wang*, 2016 Guam 26 ¶ 35. Thus, "[w]hen reviewing a Rule 12(b)(6) dismissal for failure to plead a fraud claim pursuant to Rule 9(b), [the court] must determine . . . whether the complaint pleaded facts with sufficient particularity." *Id.* at ¶ 35 (citation omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Taitano I*, 2008 Guam 12 ¶ 15 (citation omitted). "The allegation must include enough detail to give defendants notice of the particular fraudulent misconduct so that they can defend against the charge and not just deny that they have done anything wrong. The pleading must be specific enough to give defendants notice of the who, what, when, where, and how of the misconduct charged." *Id.* at ¶ 25 (internal citations, quotation marks, and alterations omitted).

**II. GRCP 12(b)(6) Legal Standard**

When considering a Rule 12(b)(6) dismissal, failure to state a claim upon which relief can be granted, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 ("Taitano II") (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 6 of 9

## III. Fraud in the Inducement

In this case, Plaintiff Intervenors argue that Gloria's "allegations do not meet the minimum pleading standards applicable to fraud claims." (Plaintiff Intervenors Mot. Dismiss at 10, Aug. 29, 2022). Gloria's counterclaim asserts one count of Fraud in the Inducement against Plaintiff Intervenors. *See* Sec. Am. Answer & Counterclaims & Third-Party Cross-Claims at 14-16. "Fraud in the inducement is fraud occurring when a misrepresentation leads another to enter into a transaction with a false impression of risks, duties, or obligations involved." *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 42 (quoting *Black's Law Dictionary* 731 (9th ed. 2009)). "The elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9 (citation and quotation marks omitted). For the Fraud in the Inducement count to survive, the counterclaim must "be specific enough to give defendants notice of the who, what, when, where, and how" the misrepresentation occurred. *Taitano I*, 2008 Guam 12 ¶ 25.

Plaintiff Intervenors argue that "Gloria apparently alleges that any misrepresentations were made by Jesus U. Torres, Perez, or the Executor of the Estate of Jesus U. Torres. The only relationship of Daniel and Barbara to Jesus is that they are alleged to have received a portion of the 2006 distribution from the Estate about 16 years ago. There are no allegations of misrepresentation by Daniel or Barbara which induced or otherwise caused reliance by Gloria." (Mot. Dismiss at 9). The counterclaim sets forth the following relevant facts:

76. At the time Torres prepared and presented the 1987 Agreement to Ana Sholing he knew that he had already been paid for the legal services related to the PIC Property, including work performed or to be performed relating to the Rent Adjustment;

77. At the time Torres prepared and presented the 1987 Agreement to Ana Sholing he knew that he was not entitled to additional payments for legal services related to the PIC Property, including work performed or to be performed relating to the Rent Adjustment.

78. At the time Torres prepared and presented the 1987 Agreement to Ana Sholing he knew that Ana Sholing was elderly, that she had a limited education, that she trusted him, and that she was his client.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 7 of 9

79. The 1987 Agreement contained misrepresentations regarding Torres entitlement to additional fees for legal services related to the PIC Property, and Torres knew those representations were false when he asked Ana Sholing to sign the 1987 Agreement.

80. Torres intentionally misled and defrauded Ana Sholing and Gloria Sholing by failing to disclose the existence of the 1967 Letter.

81. Torres intentionally misled and defrauded Ana Sholing and Gloria Sholing by representing in the 1987 Agreement that the work performed in connection with the Rent Confirmation Agreement and that future legal services would also require additional payment, equal to ten percent (10%) of the rentals collected by the PIC Property.

82. Torres intentionally misled and defrauded Ana Sholing and Gloria Sholing by failing to advise them that all "future work" to be performed after payment of $48,000 under the 1967 contract, would be free, and that no attorneys fees would have to be paid.

83. Torres fraudulently induced Ana Sholing to execute the 1987 Agreement for herself and as the attorney in fact for Gloria Sholing.

84. Ana Sholing and Gloria Sholing trusted Torres, and relied on Torres' representations because he was her attorney and a close family relative. Ana Sholing was justified in relying on the representations of Torres.

85. As a result of the fraudulent acts of Torres as described above, Gloria Sholing suffered damages in that rent from the PIC Property to which she was entitled was instead paid to Torres and later to the Estate.

86. Gloria Sholing is entitled to recover from the Intervening Plaintiffs, in amounts according to proof, together with interest on such amounts from the dates they were improperly paid to Torres during his lifetime or his Estate.

(Sec. Am. Answer ¶¶ 76-86).

Upon review, the Court finds that Gloria's counterclaim does not set forth any facts alleging that Plaintiff Intervenors themselves made any misrepresentations to her and/or Ana Sholing. Although the counterclaim sets forth facts relevant to actions allegedly made by Torres, there are not facts alleging who, what, when, where, and how Plaintiff Intervenors made representations and in what capacity. Therefore, the Court finds that Gloria's counterclaim as to Plaintiff Intervenors should be dismissed.

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order

Page 8 of 9

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff Intervenors' Motion to Dismiss.

**IT IS SO ORDERED** this 3rd day of February, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
Wong, Regman, J.Terlaje
Phillips, Thompson, C.ville, Torres
Date: _____ Time: 2/3/23
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

*Bautista & Sholing vs. Torres, et al.*
Case No. CV0471-07
Decision and Order